## ASSAULT ON PASSENGER BY CONDUCTOR AND MOTORMAN.

### Circuit Court of Cuyahoga County.

### JACOB SIEGEL v. THE CLEVELAND ELECTRIC RAILWAY COMPANY.

#### Decided, February 3, 1908.

*Master and Servant—Master Liable for Assault Made by Servant While Acting Within Scope of Employment.*

A petition which recites that plaintiff while a passenger on defendant's car was assaulted by its servants while in the course of their employment states a cause of action.

*C. W. Noble*, for plaintiff in error.
*Squire, Sanders & Dempsey*, contra.

HENRY, J.; MARVIN, J., and WINCH, J., concur.

This proceeding in error is prosecuted to reverse the judgment of the court of common pleas rendered in favor of the defendant in error, upon its objection, sustained, to the introduction of any testimony under the petition of the plaintiff in error, who was plaintiff below. The petition below alleges that the plaintiff was a passenger in one of the defendant's cars; that he paid his fare but afterwards discovered that he had given the conductor two tickets instead of one; that he demanded the return of the extra and that the conductor, and later the motorman, whom the conductor called to his assistance, assaulted and beat him while they were in the employ of the defendant in the scope of the employment and in the course of business of their agency.

It is urged that the petition containing substantially these allegations, fails to state a cause of action, because it does not specifically aver that the alleged wrongs complained of occurred while plaintiff still remained a passenger upon the car, and because it alleges no facts directly connecting the assault with the demand made by the plaintiff for the return of the extra ticket, or with the performance of any duty by the conductor or motorman in their respective capacities as employes of the defendant, and because the defendant can not be held liable for a mere malicious

assault by these men, even though they chance to be in the employ of the defendant. The case is likened to *Railway Company* v. *Wetmore.* 19 O. S.. 110, wherein it was held:

"A master is not responsible for the wrongful act of his servant, unless that act be done in execution of the authority, express or implied, given by the master. Beyond the scope of his employment, the servant is as much a stranger to his master as any third person, and the act of the servant not done in the execution of the service for which he was engaged can not be regarded as the act of the master."

In that case the plaintiff, after purchasing the ticket, as a passenger applied to the servant of the defendant, charged with the duty of checking baggage, to have his baggage checked to his place of destination, and by his importune conduct and abusive language towards the servant provoked a quarrel in which the servant to gratify his personal resentment struck the plaintiff, and it was held that the wrongful act of the servant in striking the plaintiff could not be regarded as authorized by the master, nor as an act done in the execution of the service for which he was engaged by the master, and the fact that the blow was inflicted by a hatchet furnished by the master to be used for a wholly different purpose in connection with the servant's business was held to be immaterial as respects the liability of the master. The assault in that case was perpetrated by the baggage master outside of the enclosure where his business with the public was regularly transacted.

In the case before us, however, the petition expressly avers that the act complained of was done within the scope of the employment. If this be a conclusion it is at most vulnerable to a motion to require the petition to be made more definite and certain in this behalf. The petition can not be deemed demurrable.

Whatever the facts may prove to be upon the trial of the issue, the allegations of the petition bring the case within the principle of *Passenger Railroad Co.* v. *Young,* 21 Ohio St., 518, and *The Nelson Business College Co.* v. *Lloyd,* 60 Ohio St., 448.

The judgment of the court of common pleas is reversed and the cause remanded for further proceedings,